ELLIS, Judge:
This is a suit for “damages for tortious conversion of property”, brought by William Porter Mulina and Neville Raiford Ty-cer Mulina against Harvey Tate and Milbra Lipscomb Tate. Mrs. Tate was guardian of the person of Mrs. Mulina during her minority, under a guardianship proceeding in the Circuit Court of the Fifth Judicial Circuit for Coles County, Illinois. The Charleston National Bank of Charleston, Illinois, was appointed guardian of Mrs. Mulina’s estate.
As such, the Bank disbursed funds to Mrs. Tate for the maintenance of Mrs. Muli-na, then Miss Tycer, and also paid other items, including clothing, medical and dental expenses, insurance, gasoline, and some travel. In July, 1977, the Bank paid $7,175.50 for a 1977 Chrysler Lebaron, which was purchased for Mrs. Mulina, but which was placed in Mrs. Tate’s name, apparently because Mrs. Mulina was a minor.
On May 15, 1978, because of a disagreement, Mrs. Mulina left Mrs. Tate’s house, where she had been living for eight years, and did not return thereafter. Mrs. Tate would not let her take the Chrysler automobile with her. On September 26,1978, Mrs. Mulina became of age and, shortly thereafter, took possession of her estate from the Bank.
In the interim, between May 15, and September, 1978, the Bank sent $600.00 to Mrs. Tate for the maintenance of Mrs. Mulina, who was not then living in Mrs. Tate’s home. The Bank also sent Mrs. Tate $261.67 for the insurance premium on the Chrysler automobile.
This suit was filed on February 5, 1979, seeking damages for the wrongful conversion of the automobile and the return of the $861.67 paid to Mrs. Tate after Mrs. Mulina left her household.
On the trial of the case, Mrs. Mulina testified that she took the car with her when she left the Tate home, but returned it when threatened with arrest. She further testified that she had seen Mrs. Tate’s daughter, Jan, driving the car on one occasion, and also saw Mrs. Tate’s daughter, Denise, and her husband driving it. She further testified that, on her 18th birthday, when she called Mrs. Tate and asked for the car, she was told that it had been sold and that she could not have it. She admitted that the Tates later offered to give it to her, and that it had been tendered back to her through her attorney.
After plaintiffs rested their case, the trial judge directed a verdict ordering defendants to return the possession and title to the automobile to Mrs. Mulina, and rejecting all other demands, at plaintiff’s cost. From this judgment, plaintiffs have appealed.
*261 In this court, plaintiffs seek the return of the $861.67 received by Mrs. Tate after Mrs. Mulina left the Tate home; damages for the loss of use of the car; and damages for embarrassment and humiliation suffered as a result of the alleged conversion.
There is nothing in the record to suggest that any part of the $600.00 received by Mrs. Tate after Mrs. Mulina left her home was expended for Mrs. Mulina’s benefit. If, as suggested by counsel and by the trial judge, Mrs. Tate was entitled to retain these funds because she had spent more on Mrs. Mulina, over the years, than she had received, there is no evidence to support this conclusion either. Ample funds were available from the Bank had Mrs. Tate needed more for Mrs. Mulina’s support, but no showing is made that any increase in the payments was requested.
The $261.67 paid for insurance on Mrs. Mulina’s vehicle was a proper expenditure, even though she did not have possession of the vehicle.
It therefore appears that plaintiff has made out a prima facie case for the return of the $600.00, and that the directed verdict was improvidently granted. Since the other rulings complained of by the plaintiff may be varied by the evidence yet to be received, and since they do not bear on the merits of the case, we make no ruling thereon at this time.
The judgment appealed from is therefore reversed and set aside, and the ease remanded to the trial court for completion of the trial. All costs of this appeal shall be paid by defendants. All other costs shall await final disposition of the case on its merits.
REVERSED AND REMANDED.